IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHRIS JACOBS,

                    Plaintiff,

v.                                          OPINION and ORDER

THE PRESS,                                 26-cv-90-jdp

                    Defendants.

---

      Plaintiff Chris Jacobs, proceeding without counsel, is incarcerated at Columbia Correctional Institution. Jacobs brings this lawsuit against "The Press" (two Wausau television stations, the Associated Press, and other unidentified media outlets) for defaming him, leading to his 1998 conviction for kidnapping and false imprisonment. Jacobs has not submitted the $405 filing fee, so I infer that he seeks leave to proceed without full prepayment of the filing fee under 28 U.S.C. § 1915, also known as "in forma pauperis" status.

      But Jacobs has "struck out" under 28 U.S.C. § 1915(g). That provision reads as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

      On at least three prior occasions, Jacobs has brought actions or appeals that were dismissed because they were frivolous or malicious or they failed to state a claim upon which relief may be granted. *See Jacobs v. Gerber*, 403 F. App'x 67, 70 (7th Cir. 2010) (discussing Jacobs's strikes). Therefore, he cannot proceed without prepayment of the entire filing fee

unless I conclude that his allegations show that he is in imminent danger of serious physical injury.

To meet the imminent-danger requirement of 28 U.S.C. § 1915(g), a prisoner must allege a physical injury that is imminent or occurring at the time the complaint is filed and show that the threat or prison condition causing the physical injury is "real and proximate." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003); *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). Jacobs's defamation allegations don't meet the imminent-danger standard. Therefore he is barred from proceeding in forma pauperis on his claims.

Even if Jacobs wasn't barred from proceeding in forma pauperis, I would dismiss the complaint for other reasons. Defamation is a state-law claim, and Jacobs's vague statements about the identities of the defendants in this case make it unclear whether he and each defendant are citizens of different states, which is necessary for this court to invoke this court's diversity jurisdiction. He also alleges that the defamation occurred before his 1998 conviction, far too long ago to meet the statute of limitations for his claims. *See* Wis. Stat. § 893.57 (1997–98) (two-year statute of limitations for intentional torts).

The Court of Appeals for the Seventh Circuit has cautioned against dismissing an unrepresented plaintiff's case without giving them a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). But in this case, dismissal of this lawsuit is appropriate because there isn't any reason to think that Jacobs could amend his complaint to state a claim for relief within the statute of limitations.

ORDER

IT IS ORDERED that:

1. Plaintiff Chris Jacobs is DENIED leave to proceed in forma pauperis under 28 U.S.C. § 1915(g).

2. This case is DISMISSED.

3. The clerk of court is directed to enter judgment accordingly and close this case.

Entered February 10, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge